IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARILYN LEMBERG,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO OPERA ASSOCIATION,<br><br>  Defendant. | Case No. 17-cv-06641-MMC<br><br>**ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION** |

The Court is in receipt of plaintiff's "Notice to Court to Annul Her Accession and to Recant Judgment and Order per Rule 59E," filed August 31, 2020, whereby plaintiff "rescind[s] [her] conditional offer to accede to [defendant's] settlement motion and demand[s] the Court overthrow the judgment based upon it, throw out the motion to enforce and set the matter for trial." (See Notice at 2.) The Court construes said filing as a motion, under Rule 59(e) of the Federal Rules of Civil Procedure, for reconsideration of its Order Granting Defendant's Motion to Enforce Settlement. (See Order, filed Aug. 24, 2020.)

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in the controlling law." See McDowell v. Calderon, 197 F3d 1253, 1255 (9th Cir. 1999) (emphasis omitted). In this instance, plaintiff identifies no newly discovered evidence or intervening change in

the law. The Court thus assumes plaintiff is asserting the Court clearly erred in granting defendant's Motion to Enforce Settlement. (See Order, filed Aug. 24, 2020.)

Rule 59(e) "is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2011). Here, in support of her Rule 59 motion, plaintiff makes essentially the same arguments she raised earlier in opposition to enforcement. The Court, however, considered those arguments at the time they initially were made, and found them unpersuasive. Nothing in plaintiff's recent filing has caused the Court to alter that assessment. See Anderson v. American Airlines, Inc., 2011 WL 1706514 at *2 (N.D. Cal. May 5, 2011) (noting party moving under Rule 59(e) must do more than "simply restate arguments that already were raised").

Further, to the extent plaintiff challenges not only the Court's finding as to enforcement but also its finding as to an award of reasonable attorney's fees, no such additional challenge was made in plaintiff's opposition to defendant's motion, and thus cannot be raised at this juncture. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (holding Rule 59(e) motion "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier"). In any event, as set forth by the Court in its order, defendant is, under California law, entitled to such fees. (See Order at 7:16-8:18); see also Cal. Civ. Code § 1717.[1]

---

[1] It is not clear from the instant motion whether plaintiff is under the misimpression that the Court, in its order, accepted her "conditional offer to accede to the settlement" (see Rule 59 Mot. at 2; see also Notice, filed Aug. 23, 2020), but, contrary to the condition she placed on such "accession," specifically, that "each side cover their own legal fees" (see Rule 59 Mot. at 2), allowed defendant to file documents in support of an award of fees. In the event plaintiff understands the Court to have so ruled, the Court notes that, "[g]iven the stage of the proceedings," it did not accept her conditional offer, "denied" her request to dismiss the action in accordance with the terms of that offer, and proceeded to adjudicate the motion to enforce. (See Order, filed Aug. 24, 2020, at 1, n.2.)

2

Accordingly, plaintiff's motion for reconsideration under Rule 59(e) is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2020

MAXINE M. CHESNEY
United States District Judge