IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARILYN LEMBERG,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO OPERA ASSOCIATION,<br><br>    Defendant. | Case No. 17-cv-06641-MMC<br><br>**ORDER GRANTING DEFERRED PART OF DEFENDANT'S REQUEST FOR ATTORNEY'S FEES** |

       On June 16, 2020, defendant San Francisco Opera Association ("the Opera") filed a "Motion to Enforce Settlement," whereby the Opera contended it entered into a confidential settlement agreement ("the Settlement") with plaintiff Ann Lemberg ("Lemberg") and sought an order enforcing the terms thereof, as well as an award of attorney's fees incurred in connection with said motion.

       By order filed August 24, 2020, the Court granted the Opera's motion, finding the parties had entered an enforceable settlement agreement and that said Settlement provided for an award of attorney's fees to the party prevailing on a motion to enforce its terms.  The Court, however, denied a portion of the fees requested by the Opera, deferred ruling on the Opera's request for the balance of the fees it sought, specifically, fees in the amount of $14,750, and directed the Opera to file a "supplemental declaration providing a detailed breakdown as to how those hours were expended."  (See Order, filed August 24, 2020, at 9:1-2.)

On August 31, 2020, the Opera's counsel (hereinafter, "counsel") filed a supplemental declaration, attaching thereto a table identifying the tasks he performed and the hours expended on those tasks. Having read and considered said additional submission, the Court hereby rules as follows.

The prevailing party in an action to enforce a contract may recover "reasonable attorney's fees" where, as here, "the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party." See Cal. Civ. Code § 1717 (providing "[r]easonable attorney's fees shall be fixed by the court"); (Doc. No. 86, Ex. A (Settlement) ¶ 24 (providing that, "[i]n the event any action is brought to enforce the terms of this Release and Settlement Agreement or to obtain compensation for any breach of its terms, the prevailing party shall be entitled to recover all attorney's fees and costs reasonably incurred in prosecuting or defending any such action"); see also Tiger Bay Village Corp. v. Yihe Corp., No. 13-cv-8837-RSWL, 2014 WL 3662259 at *7 (C.D. Cal. July 18, 2014) (applying Cal. Civ. Code § 1717; awarding attorney's fees incurred in connection with motion to enforce).

When calculating an award of attorney's fees, courts use the "lodestar" method, whereby the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. See PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000). The Court has "broad authority" to determine the amount of a reasonable fee, and the Court "may make its own determination of the value of the services," taking into consideration factors such as "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." See id. at 1096 (holding "[i]t is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion

of the trial court").

Here, counsel states in his supplemental declaration that he has "expended in excess of . . . 68.9 hours" in connection with the motion to enforce and "matters related to the motion to enforce," all such work billed at the rate of "$295/hour."  (See Castricone Supp. Dec. at 2:15-19.)  Based thereon, the Opera now requests an award of fees in the amount of $20,325.50.

Turning to the requested hourly rate, counsel states he has worked "almost 29 years as a practicing attorney" and that the $295 per hour rate charged in this matter "is set by [his] agreed upon rates with [his] client's insurer" and is "far below [his] normal non-insurance billing rates."  (See Castricone Supp. Dec. ¶ 7.)  Given counsel's experience, the Court finds an hourly rate of $295 per hour is reasonable.

As to the hours expended by counsel, however, the Court finds, for the reasons set forth below, many of the hours claimed by the Opera exceed those reasonably necessary to enforce the settlement.

First, 18.3 of the hours expended preparing the motion to enforce were spent reviewing hundreds of emails and voicemails sent "over a several month period" (see Castricone Supp. Dec. at 5:1), including communications "regarding historical settlement discussions, offers/demands, terms and conditions leading up to various draft settlement agreements" (see id. at 4:23-25).  The motion to enforce, however, was not based on such "historical" negotiations stretching over a period of months, but rather on the Opera's final settlement offer sent December 31, 2019, Lemberg's acceptance sent that same day, and a small number of clarifying communications sent in the days immediately thereafter.  Indeed, of the exhibits submitted by the Opera in support of the motion to enforce, the vast majority were emails sent between December 30, 2019, and January 9, 2020, the date on which the Opera signed the settlement, and the Court's ruling enforcing

3

the settlement relied exclusively on that evidence.  Moreover, as of January 14, 2020, well before he began working on the motion to enforce, counsel had already compiled the set of relevant communications.  (See Doc. No. 86 (Castricone Dec., Ex. U).) Accordingly, the Court finds only two hours were reasonably necessary to review the communications upon which the motion was based.

As to the remainder of the hours expended in the preparation of the motion to enforce, specifically, 0.6 hours outlining the motion, 2.8 hours conducting legal research, 8.9 hours drafting the motion, 2.7 hours drafting counsel's declaration in support of the motion, and 2.8 hours drafting the sealing motion accompanying the motion to enforce, the Court finds those 17.8 hours were reasonably expended.

Next, with regard to the 10.4 hours expended reviewing Lemberg's opposition filings and preparing the Opera's reply thereto, the Court notes that approximately one third of the reply brief addresses procedural defects in those filings.  As a pro se litigant, however, Lemberg is entitled to some latitude as to the procedural rules, see Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986), and, to the extent she significantly departed therefrom, such as her failure to provide a declaration, any such deficiency required a minimum of discussion.  The Court thus finds the time spent in addressing procedural defects was not reasonably expended.  Accordingly, the Court will deduct one third of the hours expended by counsel on the reply.

The remainder of the hours for which the Opera seeks fees pertain, with limited exception, to (1) conducting and reviewing out-of-court communications between Lemberg and counsel or the Opera, (2) ancillary motions filed by Lemberg and the Opera, and (3) the instant request for fees.[1]

---

[1] As to the hours not encompassed in the above three categories, counsel states

4

With regard to out-of-court communications, the vast majority of such exchanges do not relate to the motion to enforce, but rather to peripheral disputes between Lemberg and counsel, other motions filed in the case, and attempts to resolve the instant action by means other than the motion to enforce. Although the balance constitutes exchanges regarding enforcement and fees, the value of any such exchange is neither explained nor otherwise apparent. Consequently, the Court finds the time attributed to engaging in or reviewing out-of-court communications was not reasonably expended in prosecuting the motion to enforce.

As to ancillary motions, specifically, Lemberg's motions to amend, the Opera's motion to strike, Lemberg's motions for extension of time to file opposition, and the Opera's motions to seal Lemberg's filings, the Court finds the first two are unrelated to the motion to enforce, and, as to the second two, that 1.5 hours were reasonably expended.

With regard to time spent on the instant fee request, counsel states he spent 4.3 hours reviewing invoices and preparing his supplemental declaration. As over half of the entries for which counsel seeks reimbursement relate to extraneous motions and communications that were not reasonably necessary to prosecuting the motion to enforce, the Court will deduct half of the hours attributed to preparation of the instant fee request.

Lastly, to the extent Lemberg, in opposing the motion to enforce, contends her financial circumstances justify denial of the Opera's request for fees, the Court is not

---

he expended 3 hours communicating with the Opera, arranging service of an unredacted version of the motion to enforce, reviewing court orders relating to the motion to enforce and sealing motion that accompanied it, and reviewing "notices" (see Doc. Nos. 120, 121) Lemberg filed relating to the motion to enforce. Of those 3 hours, the Court finds 1 hour was reasonably necessary to address such matters.

5

persuaded. Rather, the Court finds persuasive the reasoning set forth by the California Court of Appeal in Walker v. Ticor Title Co. of California, 204 Cal. App. 4th 363 (2012). See id. at 373 (holding, where attorney's fees sought pursuant to contract, "a losing party's financial condition should not be considered in setting the amount of such an award"; distinguishing statutory fees). In particular, "unlike statutory fees, contractual fees are voluntarily incurred," both parties having "chose[n] to enter into an agreement" providing for such an award. See id. Moreover, even assuming the Court has discretion to consider Lemberg's financial circumstances, the Court finds, in light of the lengthy negotiations preceding the settlement and Lemberg's active participation therein, both parties should be bound by the terms on which they agreed.

In sum, the Court finds the Opera is entitled to fees attributable to 31.5 hours of work at the rate of $295 per hour.

Accordingly, the Opera's request for attorney's fees is hereby GRANTED, and the Opera is hereby AWARDED attorney's fees in the amount of $9292.50.

**IT IS SO ORDERED.**

Dated: September 4, 2020

MAXINE M. CHESNEY
United States District Judge